UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

DURHAM DIVISION

| | |
|---|---|
| **ROBERT HENRY PERARA, Jr.,**<br><br>Plaintiff<br><br>v.<br><br>**OFFICER M.J. SIZEMORE (#385644), THE HIGH POINT POLICE DEPARTMENT, AND OFFICERS JOHN DOE NUMBERS 1 THROUGH 4 of HIGH POINT P.D.**<br>Defendants | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

Comes now the Plaintiff, Mr. Robert Henry Perara, Jr., who brings this action against Defendants Officer M.J. Sizemore (High Point Police Department Employee #385644), the High Point, NC, Police Department (hereinafter "HPPD"), and four (4) as-yet unknown Officers of HPPD, and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is seeking money damages pursuant to 42 U.S.C. Section 1983, et. Seq.
2. All of the acts and omissions giving rise to this lawsuit occurred in Guilford County, North Carolina, on January 27, 2021.

## PARTIES

3. Plaintiff **Robert Henry Perara, Jr.** is a citizen of North Carolina and resident of the City of High Point. He is also a two-theatre U.S. military combat veteran.
4. Defendant **Officer M.J. Sizemore,** on information and belief, is a citizen of North Carolina and an employee of HPPD, Employee #385644. At all relevant times, he was acting within the course and scope of his employment by HPPD, under color of law.
5. Defendant **High Point Police Department** (HPPD) is a municipal government entity within the scope of 42 U.S.C. Section 1983.

6. Defendants **Officers John Doe Numbers 1 through 4,** whose identities will hopefully be established through discovery in this matter, on information and belief, were at all relevant times employees acting within the course and scope of their employment by **HPPD**, under color of law.

## FACTS

7. On January 27, 2021, Defendant **Officer M.J. Sizemore** and Defendants **Officers John Doe Numbers 1 through 4** came to the door of the house legally in possession of Plaintiff at 1004 Charlotte Avenue in the City of High Point, North Carolina.
8. On information and belief, Plaintiff states that these officers were looking for Plaintiff's daughter, Adantre, who resided at that location from time to time. Adantre was known to **HPPD** due to her mental illness, drug addiction, and frequent reports by Plaintiff of destructive behavior in the house.
9. Plaintiff informed these officers that Adantre was not at home.
10. Defendant **Officer M.J. Sizemore** told Plaintiff, "We can do this the easy way or the hard way."
11. Plaintiff responded, "What's the hard way?"
12. Defendant **Officer M.J. Sizemore** responded, in words closely resembling the following, "I can get a warrant and make you and your family stand outside in the cold." (The date was January 27, 2021).
13. Not waiting nor apparently caring for Plaintiff's consent to enter the dwelling, Defendant **Officer M.J. Sizemore** then pushed Plaintiff aside from the threshold of his doorway and entered Plaintiff's home, while Defendants **Officers John Doe Numbers 1 through 4** physically restrained Plaintiff.
14. All of this was done without a search warrant, consent, or privilege.
15. Defendants proceeded to carry out a search of Plaintiff's home, which yielded certain contraband which led to a criminal prosecution of Plaintiff which, upon information and belief, was ultimately dismissed in the interests of justice due to the obvious violation of the Fourth Amendment to the United States Constitution which was the fruit of a poisonous tree in the case.

## COUNT 1 (SOLE COUNT): 42 USC 1983 et. Seq.

16. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 as if fully set forth herein.
17. Each and every defendant named herein is liable to Plaintiff for money damages as set forth in 42 U.S.C. Section 1983, et. Seq., for violation of the Fourth Amendment right to be free from unreasonable searches and seizures in the absence of a duly-ordered search warrant from a judge or magistrate.
18. Said right to be free from such searches and seizures is a well-established right, of which any officer operating in good faith should have been well aware at the time in question; there is no "qualified immunity" for such clear-cut constitutional violations.
19. Defendant **HPPD** is liable to Plaintiff under a theory of *respondeat superior* as well as under a theory of failure to adequately train its officers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

### I.

Find that the Defendants committed the constitutional and legal violations alleged herein.

### II.

Order Defendants, jointly and severally, to pay monetary damages to Plaintiff pursuant to 42 U.S.C. Section 1983 in an amount to be determined at trial.

### III.

Order Defendant, jointly and severally, to pay all legal costs, fees, and associated expenses to Plaintiff and his attorney(s), pursuant to 42 U.S.C. Section 1988.

### IV.

Grant such other relief as this Court may deem appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury.

Dated: __6th__ January, 2023  Respectfully submitted,

By: _/s/ signature_

William Vasquez, Esq.
wvasquez@vasquezlawfirm.com
Vasquez Law Firm
4266 Louisburg Road
Raleigh, NC 27604
Phone: 919-533-7000
Fax: 919-336-2332
NC Bar 43410

## VERIFICATION

I, ROBERT HENRY PERARA, JR., first being duly sworn, depose and say, that I have read the foregoing COMPLAINT and the same is true of my own knowledge, except as to those matters and things therein stated on information and belief, and as to those I verily believe them to be true.

This the 6TH day of January, 2023.

*Robert H. Perara, Jr.*
Robert Henry Perara, Jr.

STATE OF NORTH CAROLINA

Wake COUNTY

I, Jennifer Somerville, a Notary Public of Johnston County, State of North Carolina do certify that on this 6 day of January, 2023, before me personally appeared ROBERT HENRY PERARA, JR., proved to me by satisfactory evidence, to be the person whose name is signed on the preceding or attached record, and acknowledged to me that she signed it voluntarily for its stated purpose.

*Jennifer Somerville*
NOTARY PUBLIC

My commission expires: 12/12/27